### KINCAID v. LOGUE.

Where one is in possession of a part of a tract of land, the whole of which is his own property, the possession of a part is the possession of the whole. Otherwise where he is a mere trespasser, in which case his possession would be bounded by his actual occupancy.

Appeal from the Circuit Court of Platte county.

*Stuart & Miller for Plaintiffs.*

1st. An entry upon the possession of another (with or without title) without his consent, is in contemplation of law a forcible entry.  4 Bibb, 389, 426;  3 Marsh. 347.

2d. That from the evidence in this case, the plaintiff, Kincaid, had such possession of the land mentioned in the complaint, as would entitle him to maintain the action of forcible entry and detainer, and that the court erred in refusing him a new trial.

3d. That the possession of land is not limited, in contemplation of law, to such part as may be in actual cultivation, or has been appropriated by the person in possession to his own use, by labor or improvement thereon, but such possession extends to the boundaries of the tract upon which he has his improvement.  4 Bibb, 389 and 426;  3 Marsh. 347; 3 Lit. 398;  1 Monroe, 52;  Boyce v. Blake, 2 Dana, 12.

4th. That if Kincaid had possession of the land, no matter with what intention he took possession, the defendant could not lawfully forcibly enter upon and detain the same from him.

5th. That the court erred in overruling the plaintiff's motion for a new trial, and in arrest of judgment.

*Burnett for Defendant.*

1st. The court did not err in giving the instructions given to the jury.

2d. The court committed no error in refusing the instructions offered by the plaintiff.

3d. The court committed no error in refusing to grant a new trial.

*Opinion of the Court by Tompkins, Judge.*

Kincaid commenced his action for forcible entry and detainer against Logue, before a justice of the peace, and removed the cause by writ of certiorari to the circuit court of

SEPT'R TERM.
· 1841.

Kincaid
v.
Logue.

Platte county.   In that court a verdict was found, and judgment given for the defendant, and to reverse this judgment the plaintiff appeals to this court.

The bill of exceptions shows, that about the year, 1837, Kincaid, plaintiff and appellant in this cause, claimed the exclusive possession of the land in his complaint to the justice mentioned, about eighty acres ; that he had bought an improvement made on it by one Brooks : that along with this land the plaintiff, in the fall of the year 1837, had inclosed about two hundred and forty acres of land, with the worm of a fence, and a fence built on said worm ; that in some places said fence was three or four rails high, in others two, and in others one rail high ; that there were gaps in said fence in several places ; that several public roads ran through said land enclosed as aforesaid ; that the plaintiff, Kincaid said his object was by the enclosure to make pastures ; and to keep off intruders ; that the defendant entered into this land after said enclosure was made, without the consent of the plaintiff ; that all the land claimed by Kincaid belonged to the United States ; that within this land enclosed by Kincaid, and claimed · in this suit, Kincaid had built a cabin, and that Logue had also built a cabin within such enclosure ; that Logue's cabin was situated about three or four hundred yards from that of Kincaid ; that Kincaid cut timber on said land, and did other acts by which he manifested his claim to the right of possession of the land ; that the worm of said fence was made of logs and poles, in many places of unequal lengths and sizes, some ten and others twenty feet long.

A witness on the part of the defendant stated that the fence was as represented by the plaintiff's witnesses, except that in some places there was no rail on the worm, and that the worm was so stretched that it would be difficult to make a fence stand on it without propping.

The plaintiff prayed the court to give the jury these instructions, viz:

1st. If they find that the defendant took possession of a part of the quarter section in the name of the whole, it amounts to a possession of the whole by him.

2nd. If they find the plaintiff did any act or work on the land in fencing, or otherwise, with the intention to take the possession of the quarter section, the intention governs the possession, and they must in that event find for the plaintiff.

These instructions were refused. Several other instructions of the same import were asked and refused. These instructions required the court to tell the jury generally that if they found that the plaintiff exercised the rights of ownership by cutting timber, making rails, &c. laying the worm of a fence, &c., with the intention to take possession of the land to his own use, and to the exclusion of others; in such case they must find for the plaintiff. All these instructions the court refused to give. The court, on motion of the plaintiff, gave this among other instructions : If they find the plaintiff had laid the worm of a fence entirely around the land in controversy, and that the plaintiff enclosed within said fence lands on which the plaintiff was entitled to preemption, and also other public lands, and had put up a fence. from one to four rails high around a part of the said land. and was preparing to raise said fence, up to, and at the time the defendant entered, and that the defendant did enter into said field or enclosure, as charged in the complaint, they must find for the plaintiff.

The court of its own accord instructed the jury that if they believed from the evidence, that the plaintiff had a settlement or field on the public land in the complaint mentioned, and was in the possession of the same at the time of the alleged forcible entry and detainer, and that the defendant entered thereon, contrary to the will of the plaintiff, they must find for the plaintiff.

Other instructions were given and refused. To write them out, would be to repeat the same thing in other words. On these instructions, the jury found for the defendant.— When a man is in possession of part of a tract of land, the whole of which is his own property, the possession of a part is the possession of the whole. But when a man is in possession of land to which he has no title, and on which he is a mere trespasser, the court is liberal indeed that gives a right of possession against other wrongdoers to such quan-

18

SEPT'R TERM, 1841.

Kincaid
v.
Logue.

the possession of the whole. Otherwise, where he is a mere trespasser, in which case his possession would be bounded by his actual occupancy.

tity of land as he can conveniently cultivate and occupy for pasturage. The history of this worm, and the rails put on it, (for it deserves not the name of a fence,) is given mostly by plaintiff's own witnesses, and he must be good natured to excess who can read it, and believe that Kincaid honestly designed to enclose that ground for pasturage. But he declares, according to the statement of Jones, his own witness, that his intention in enclosing said land, was to make pasture, and keep off intruders. Who could be a more notorious intruder than himself? who claims the right to possess and occupy the land of the United States, because he had cut down timber for several years on such land, without any visible object but to make this worm of a fence, on which even a child ten years old might know a fence could not be built to confine horses or cattle.

The jury found very correctly, as it seems to me, that the defendant was not guilty as charged. There was in my opinion abundance of evidence to warrant the finding, and the court, in my opinion, committed no error, either in refusing a new trial, or in giving or refusing instructions. Its judgment ought then in my opinion to be affirmed, and that being the opinion of all the court, it is affirmed.