### PACKWOOD vs. THORP.

A person cannot have the actual possession of lands not occupied by him, unless he has the right of property in the land.

### APPEAL from the Holt Circuit Court.

HAYDEN, *for the Appellant.*

1. The complaint made by the plaintiff before the justice of the peace is radically defective, and not such as is contemplated by law, and therefore will not authorize the judgment rendered thereupon by the Circuit Court.

2. The Circuit Court permitted the plaintiff to give to the jury incompetent and irrelevant evidence upon the trial of the cause.

3. The Court gave to the jury erroneous instructions upon the motion of the plaintiff.

4. That the Circuit Court rejected proper and legitimate instructions prayed for by the defendant.

5. The Circuit Court erred in overruling the motion of defendant for a new trial, and also the motion in arrest of judgment.

TOMPKINS, J., *delivered the opinion of the Court.*

Elvin A. Thorp brought his action of forcible entry and detainer, against Larkin Packwood, before a justice of the peace of Holt county, and obtained a judgment

in the justice's court. Packwood appealed to the Circuit Court, and judgment being also rendered against him in that court, he appealed to this Court.

On the trial of the cause in the Circuit Court, the plaintiff, Thorp, proved, that some time in the month of December, 1840, he erected a cabin, on the quarter-section of land for which this suit is brought; and retained possession up to the time of bringing this suit: that he was a single man, more than twenty-one years old, and that he had no other improvement. He also proved, that he had bought this land from the defendant. The witness also testified that Thorp, the plaintiff, was his son, and that he executed his note to the defendant, for fifty dollars, with the witness as security; "*That there was under-written, that the note was given only for defendant's labor on said quarter;*" for the reason, that the defendant did not intend the trade to interfere with the defendant's pre-emption that he might acquire by virtue of his settlement on the quarter on which he lived: that defendant told the plaintiff, at the time of the sale, that he would retain possession of that part of his field which was on said quarter, being some three or four acres, till the land was brought into market, (it being public land) but told the plaintiff to go and take possession of the quarter, but he never delivered the possession thereof to the plaintiff, but he continued to hold the possession of the said three or four acres, and to cultivate them; and that some time in the month of January, 1842, the defendant built a rail-pen, or half-faced camp, on said quarter near defendant's [plaintiff's] field, and moved his family into it, where he remained till this suit was brought. It was also in evidence, that the defendant attempted to sell said note, but was prevented by the plaintiff's declaring that he would not pay it, because it was obtained by fraud; that he had understood that the defendant had said he would not let him have the said quarter, and that the defendant having heard this declaration of the plaintiff tore and destroyed said note, and moved upon the said quarter as aforesaid. It was also in evidence, that the plaintiff tendered the defendant fifty dollars in payment of said note, some few days before it became due, and that the defendant observed he had no claim against him, and refused to receive the money. It was also in evidence, that some time in the year 1839, before the lands were surveyed, the defendant had settled upon an adjoining quarter, where he had ever since lived, and cultivated it, except the time he lived on the quarter first aforesaid; and that, when the lines were run, the said three or four acres of the field aforesaid of the said last-mentioned settlement were found to be on the quarter first aforesaid: (the quarter sold by Packwood to Thorp, as I suppose.) This was all the evidence given.

The amount of all this evidence is this: that, in September, 1840, Packwood, the defendant, sold a quarter section of public land, on which he had cleared a field, to the plaintiff, Thorp. This is the land in dispute. Thorp executed his note to Packwood for fifty dollars, with the witness, Thorp's father, as security. This note was for the price of the land; and under the note was written, that the note was given only for the defendant's labor on said quarter, for the reason, that the defendant did not intend the trade to interfere with the pre-emption he might acquire by virtue of his settlement on the quarter on which he lived. This was a quarter section adjoining that he sold to Thorp. Packwood, then, seems to have

believed, that the three or four acres of his field which were excepted from the sale to Thorp, were on that adjoining quarter section on which he had settled in 1839; but when the public lands were surveyed, he found that the three or four acres reserved, as aforesaid, out of the field which he had sold to Thorp, instead of being on the quarter on which he lived, were on the same quarter with the remaining part of the field, to wit, that which he had sold to Thorp. He then erected his camp, or cabin, on these three or four acres, near Thorp's fence, said, by mistake, to be defendant's fence. The building and occupation of this camp is the forcible entry and detainer complained of.

The sale, from the evidence, must have been verbal, for the condition was endorsed on the note given for the price or consideration of the land. Packwood, then, sold nothing but his right of possession of that field, and he did not sell the three or four acres of that field on which he entered and built the camp; and these three or four acres were not included with the plaintiff, Thorp's, fence.

On this evidence, the Circuit Court instructed the jury, at the instance of the plaintiff, that if they find the plaintiff had the actual and exclusive possession of the land, in the complaint mentioned, and that the defendant entered upon such possession against the will of the plaintiff, and detained the same at the time of the commencement of the suit, they will find for the plaintiff to the extent of his possession : secondly, that a man may have the actual and exclusive possession of land not inclosed.

The court gave these instructions, and the defendant excepted to the opinion of the court.

The land sold by Packwood to Thorp was land of the United States, as proved by the plaintiff himself. In the case of Clark *vs.* Shultz, 4 Mo. Rep., 235, it is said, that this kind of property is considered as no interest in the land, and a verbal sale of it may be made, notwithstanding the Statute of Frauds. The sale, then, of this right of possession in the field by Packwood to Thorp, was good. But Thorp's own witness (his father) proved, that Packwood refused to sell these three or four acres, on which he built the camp, and reserved them for the express purpose of gaining him a pre-emption, and believing them to be on the quarter section on which he (Packwood) had settled, adjoining to Thorp. But when the land was surveyed, it appearing that these three or four acres were on Thorp's quarter, Packwood fixes his camp on the land, in order to maintain his right of possession, and aid him in procuring a pre-emption.

Thorp did not, then, derive any right of possession to these three or four acres of land from Packwood by virtue of this purchase, and they were not inclosed in his field. In the case of Kincaid *vs.* Logue, 7 Mo. Rep., 169, it is said, " When a man is in possession of a tract of land, the whole of which is his own property, the possession of a part is the possession of the whole. Kincaid, the plaintiff in that case, had inclosed about two hundred acres of land, with the worm of a fence, and a fence built, in some places, on that worm,— in some places, three or four rails high, in others, one rail high : there were several gaps in this fence, and several public roads ran through said fence, inclosed as aforesaid. Logue had built a cabin on this land; and it was decided that Kincaid did not have such

a possession of this land as to entitle him to maintain an action of forcible entry and detainer against Logue. The lines run around the quarter section on which Thorp lived did not give him a better right to the possession of a quarter section, than the sham fence made by Kincaid gave him to the possession of the 200 acres thus inclosed by him, as aforesaid. Then, if Kincaid could not maintain an action against Logue, then Thorp could not against Packwood. Again, in the case of Sloane *vs.* Moore, 7 Mo. Rep., 172, it was proved, that some time in the latter part of the year 1838, Sloane, the plaintiff, had built on the land in controversy, and had removed to it with his family, and had ever since resided there; and that, in the spring or summer of the following year, the defendant, Moore, built in the neighborhood, and within two hundred and fifty yards of the plaintiff's improvement, a cabin, and moved into it, and had ever since occupied it; and that, according to the surveys made, a quarter section will include Moore's house, if Sloane's house be made the centre. In that case it was contended, that, by the 29th section of the act concerning forcible entries, the plaintiff is entitled to bring his action against any person who settles so near him, that his house would be covered by a quarter section of land of which the plaintiff's house is the centre. The report of that case continues, stating, "That where no legal survey has been made at the time of the settlement, the act does give this right of action to one who has the right of pre-emption: but in that case, as it was not pretended that Sloane was entitled to any right of pre-emption, it was decided, that Sloane had no right of action against Moore, whose cabin was not built within the inclosure of Sloane. In this case, a legal survey was made, but the plaintiff, Thorp, had no right of pre-emption, to entitle him to the possession of the whole quarter section under the above-mentioned 29th section: we have also seen, that Packwood did not sell him the possession of the three or four acres here sued for. Thorp, then, could have no right of action against Packwood, for any land not inclosed within his fence; and, according to the decision in the case of Kincaid *vs.* Logue, this fence must not be a sham fence, but such a fence as a man might reasonably calculate to be sufficient to secure a crop. If the fence described in Kincaid *vs.* Logue was decided to be insufficient to give a right of action to Kincaid against Logue, for building a cabin in the enclosure, then the lines run by the surveyor around the quarter section will give Thorp no right to maintain the action of forcible entry and detainer against Packwood, because he built his camp within those lines. If Thorp had shown that he had acquired the right of property to the whole quarter section, that right of property in the whole quarter would have given the right of possession in the same quarter: but, by the evidence on the record, both Thorp and Packwood appear to be mere occupants of the public lands, and consequently entitled to that ground only which is inclosed within their respective fences, for it is not in evidence that Thorp actually occupied these three or four acres.

The decision of the Circuit Court, "that a man may have the actual and exclusive possession of lands not inclosed," is too broad. He can have no possession of lands not occupied by him, unless also he have the right of property in such land. The second instruction, then, was wrong, and for that reason the judgment in this case must be reversed, and the cause remanded.