SAMUEL McCARTNEY'S ADMINISTRATRIX *et al.*, Respondents, *v.* B. A. ALDERSON and CHARLES BRUERE, Appellants.

1. *Forcible entry and detainer — Section 36, chap. 187, Gen. Stat. 1865, construction of.*— A. claimed title to certain land by virtue of the possession of B., his grantor, but never had possession himself. *Held*, that section 36, chap. 187, Gen. Stat. 1865, concerning suits for forcible entry and detainer, by heirs, devisees, grantees, etc., of persons dispossessed under the statute, was not intended to apply to such cases. The heirs, etc., have no greater rights than the ancestor, if living, or the vendor, if he had not sold, could have had. The defendant must still be found guilty of actual dispossession. The object of the statute was not to change the rights or liabilities of the parties, but, when they had accrued, to provide that they should not lapse by death or sale.

2. *Forcible entry and detainer—Meaning of terms "disseizin" and "lawfully possessed."*— The statute concerning forcible entry and detainer (Gen. Stat. 1865, ch. 187) is a possessory action merely. The term "disseizin," as therein used, implies actual dispossession. The term "lawfully possessed" does not involve an inquiry into the lawfulness of the possession as regards title, but only in regard to the mode of obtaining it, and is equivalent to "peaceably possessed." In actions under this statute, proof of title in plaintiff, with payment of taxes and acts of ownership merely, is not evidence of peaceable possession.

3. *Forcible entry and detainer—Possession of a portion of premises, with title to the whole, effect of.*— The possession of a portion of the premises in dispute carries the possession of the whole, if the title covers the whole.
4. *Forcible entry and detainer — Landlord — Disseizin of tenant.*— The landlord has no such possession as will enable him to complain of a disseizin of his tenant.

*Appeal from Sixth District Court.*

*Lewis & Bruere,* for appellants, cited Wood v. Dalton, 26 Mo. 582 ; Pentz v. Kuester, 41 Mo. 450 ; Burns v. Patrick, 27 Mo. 434 ; Reed v. Bell, 26 Mo. 218.

*Lackland & Alexander,* for respondents, cited Gen. Stat. 1865, ch. 187, § 36 ; Garrison v. Savignac, 25 Mo. 47 ; Bernecker v. Miller & Miller, 40 Mo. 473 ; Goerges v. Hufschmidt, 44 Mo. 179 ; Bartlett v. Draper, 23 Mo. 409 ; Spalding v. Mayhall, 27 Mo. 380 ; King's Adm'r v. St. Louis Gas Company, 34 Mo. 304 ; Keyser v. Rawlings, 22 Mo. 126, 136 ; Draper v. Shoot, 25 Mo. 203–4 ; Menkens v. Ovenhouse, 22 Mo. 70 ; Williams v. Dougan, 20 Mo. 186 ; Johnson v. Prewitt, 32 Mo. 554 ; Carondelet v. Simon, 37 Mo. 408.

Bliss, Judge, delivered the opinion of the court.

This was an action for wrongful disseizin and detainer of a vacant town lot in St. Charles, tried on *certiorari,* in the St. Charles Circuit Court, where the plaintiff obtained judgment, which judgment was affirmed by a divided opinion of the District Court.

It appears that some fifteen years since, McCartney purchased of one Ellen Taylor two adjoining town lots in St. Charles, and that both lots were embraced in the same deed.   Upon one of them was a house which had been occupied by Mrs. Taylor, but it does not clearly appear that McCartney ever has had actual possession — at least, he has not had for many years.   Upon the trial, the plaintiff claims to have proved that, at the time of the disseizin, one Anna Goerges was in possession of the house as his tenant, but she had no control of the other lot, which is the one in controversy.   It is undisputed that this lot is uninclosed, and, at

the time of entry by defendants, was not in the actual possession or occupancy of any one. They took possession without force, and fenced it, claiming title from the school directors of St. Charles. It is not claimed that this lot had been ever actually occupied since it was purchased by McCartney, although it is in evidence that he paid taxes upon it, and other "acts of ownership" are spoken of, but it does not appear what they were.

The principal question that arises in this case, and the one upon which turns the plaintiff's right to recover, is that of possession. The suit was commenced before the death of McCartney, and the defendants claim that he had no such possession of the lot in controversy as would warrant this action. The law is correctly given in several of the instructions to the jury, but they are all qualified by the third, which gives the views of the court as to what constitutes possession. It is as follows: "3. If it appear, from the evidence, that the premises fenced up by the defendants was a part of the lot described in the deed from Ellen Taylor to Samuel McCartney, and that said part, so fenced up by defendants, was included in the limits of the lot described in said deed, and that on the lot so described in said deed there was a house or other improvements, and that the plaintiff paid the taxes on said lot, including the portion fenced up by defendants, and exercised acts of ownership over the same for a long time before, and up to the time the fence was put there by defendants, then the plaintiff, Samuel McCartney, has such possession of the portion fenced up by defendants as will enable him to maintain this action."

This instruction, taken in connection with the evidence, seems to involve three legal propositions—it certainly does involve two of them: first, that the possession of Ellen Taylor, from whom McCartney purchased, was sufficient, so far as possession is required, to enable him to bring this action; second, that no actual possession is necessary, but that paying the taxes and exercising acts of ownership are sufficient; and, third, that the possession of a portion of the premises, to-wit: the house, carries with it the possession of the adjoining lot. I understand

the well-written opinion of a majority of the judges of the District Court to sustain each of these propositions.

If McCartney is able to avail himself of the possession of those from whom he claims title, it must be by virtue of section 36, chapter 187, Gen. Stat. 1865, which reads as follows: "Heirs, devisees, grantees, and assigns of any lands, tenements, or other real possessions, shall be entitled to the same remedies against persons who were guilty of forcible entry and detainer, or of unlawful detainer of such land, tenements, or other real possessions, before the descent, devise, grant, or assignment thereof, as the ancestor, devisor, grantor, or assignor was entitled to by virtue of this chapter."

This section was incorporated into our system in 1865, and to remedy a great inconvenience. This action may be brought at any time within three years of dispossession, but if in the meantime the person dispossessed should die or sell his property, the remedy, as the law before stood, ceased. The heir, grantee, etc., could not sue, because they had not been dispossessed, and must resort to ejectment. Hence it is now provided that they, too, may sue, and without personal dispossession. But have they any greater rights than the ancestor, if living, or vendor, if he had not sold, would have had? Must not the defendant still be found guilty of actual dispossession? The object of this amendment was not to change the rights or liabilities of the parties, but, when they had accrued, to provide that they should not lapse by death or sale. Hence the provision that the entry and detainer must be "before the descent, devise," etc. In the case before us, the entry of defendants was more than ten years after the possession of McCartney's vendor; so it is perfectly clear that he can not avail himself of that possession.

Upon the second proposition, regarding the plaintiff's possession, we regard the law as well settled. This is a possessory action merely; the title can not be inquired into. The term " disseizin," in the statute, is not used in its ancient technical sense, but implies actual dispossession. (Warren v. Ritter, 11 Mo. 354; Spalding v. Mayhall, 27 Mo. 377.) Nor does the term "lawfully possessed" involve a inquiry into the lawfulness

of the possession as regards title, but only in regard to the mode of obtaining it, and is equivalent to "peaceably possessed." (Michau v. Walsh, 6 Mo. 346; Krevet v. Meyer, 24 Mo. 110, per Scott; Beeler v. Cardwell, 29 Mo. 72.) So emphatically is this regarded as a mere possessory action, that even a tenant holding over may maintain it against his landlord. (Krevet v. Meyer, *supra*.)

This complaint conforms to the third section of the statute, and avers that the plaintiff was lawfully possessed of the premises, and that the defendants wrongfully and without force, by disseizin, obtained possession, &c. Are these averments of lawful, *i. e.* peaceable possession, by the plaintiff, and of wrongful disseizin or dispossession by the defendants, sustained by proof merely that the plaintiff had a deed of the property, paid taxes upon it, and exercised acts of ownership (not acts of possession) over it, the lot being open and uninclosed, and that defendants entered upon, under claim of title, and fenced the same? It seems to me perfectly clear that, whether we look at the language of the statute merely or consult its judicial interpretation, this question must be answered in the negative. A deed, though it may be offered to show the extent of possession, actual possession of a part being proved, of itself does not prove possession, but ownership, which is not in issue; and so paying taxes and other things may be called acts of ownership, which may or may not be acts of possession. This subject has often been before our courts, and possession has always been found necessary. This possession may be personal or by agent, and it may be by actual occupancy as by living upon the premises, or by fencing and using the land or lot, or by occupying it for some business, if not fenced, or by exclusively holding the keys of an unoccupied building and controlling it. Nor is it necessary to be always on the land, provided the occupation is intended to be permanent, and the occupier has only left it temporarily. One of the strongest cases in this court, tending to show that actual possession is not necessary, is the case of Bartlett v. Draper, 23 Mo. 407. The plaintiff had peaceably taken possession of his own lots, formerly occupied by defendants, and commenced building a fence around them, but in the autumn had

only proceeded so far as to plant the posts. In the spring, before he had completed the fence, the defendants entered against his protest, and fenced the lots. In an action against them, the court held that any " act done by himself (the plaintiff) on the premises, indicating an intention to hold possession thereof to himself, will be sufficient to give him the actual possession." This is very far from making title with payment of taxes and acts of ownership merely, evidence of peaceable possession and dis- seizin. Another case where it is claimed actual possession is not required is that of Hoffstetter v. Blattner, 8 Mo. 276. In that case, the plaintiff purchased a house in which defendant's lessor claimed an interest, and the vendor gave him possession by deliv- ering him the keys with that intent, and afterward, until entry by defendants, no one went upon the premises except by getting the key of him and with his consent. The defendants having entered by a false key, were ousted by judgment in this form of action, the court holding that the delivery of the keys of the house, it being locked, with the intention of delivering possession, amounted to a delivery of possession. In Kincaid v. Logue, 7 Mo. 168, and in Packwood v. Thorp, 8 Mo. 636, the doctrine is recognized that actual possession of that part of the premises where the wrongful entry is made is not necessary, provided the claimant is in actual possession of a part, and owns the portion entered upon.

It is unnecessary to cite our numerous decisions directly requir- ing possession in the plaintiff, as it is conceded in this case as a general proposition, it only being contended that the doctrine of constructive possession was broad enough to cover ownership, accompanied by tax-paying and other acts of ownership, without showing whether these acts of ownership were also acts of pos- session.

The third proposition involved in the instruction under discus- sion, to-wit: That the possession of a portion of the premises carries the possession of the whole, is correct, if the title covers the whole. But unfortunately for the plaintiff, he was not in possession of the house himself, but Anna Goerges, who alone in this form of action could complain of the entry. It has

always been held that the landlord has no such possession as will enable him to complain of a disseizin of his tenant, and, as his possession is not disturbed, the proposition will not avail him. The instruction complained of presented to the jury an incorrect view of the law pertaining to the right of the plaintiffs, without actual possession, to maintain this action, and for that reason the District Court should have reversed the judgment.

For not doing so, its judgment, and that of the Circuit Court is reversed and the cause remanded. The other judges concur.