————o————

JOSEPH DILWORTH, Defendant in Error, *vs.* ALEXANDER FEE, *et al.*, Plaintiff in Error.

1. *Practice, civil—Forcible entry and detainer—Title.*—In an action of forcible entry and detainer the title to the land is not involved, but a forcible entry with or without title is forbidden.

*Error to St. Louis Circuit Court.*

*R. S. Voorhies*, for Plaintiffs in Error.

1. The turning out of Anapias Rice under the writ of possession against him alone, did not affect the rights of Robert P. Rice, whose tenant Anapias Rice was, in the premises.

2. Robert P. Rice had had more than three years uninterrupted constructive possession, claiming as owner under deed;

and the right was with him to enter peaceably as against the constructive possession of a stranger.

3. The possession if any had, as against Robert P. Rice, was constructive; there was no occupation by the plaintiff, without which he could not have adverse possession.

4. Under the manner of the plaintiff's entry and departure from the premises he acquired neither actual or constructive possession against Robert P. Rice.

5. The plaintiff being in the character of a trespasser, as to Robert P. Rice, could not by the mere act of closing and locking up the house acquire a constructive possession, much less any possession which he could enforce against Rice by action of Forcible Entry and Detainer. (Garrison vs. Savignac, 25 Mo., 47.)

The mere act of nailing of the doors of a house, does not amount to attaining possession. (Hopkins vs. Buck, 3 A. K., Marsh, 110.) In the absence of the occupant, the owner having the right to the possession may enter by forcing open the door, though the occupant expects to return. (Mussey vs. Scott, 32 Vt., 82; Turner vs. Meymott, 1 Bing., 158.)

A person having a right may make a peaceable entry.— (Krevet vs. Meyer, 24 Mo., 111.)

*Dryden & Dryden*, for Defendant in Error.

A defendant in forcible entry and detainer cannot justify his forcible entry by showing that he had the right to the possession. (Harris vs. Turner & Houck, 46 Mo., 438; King's admr's vs. St. Louis Gas Light Co., 34 Mo., 34; Beeler vs. Cardwell, 29 Mo., 72; Spalding vs. Mayhall, 27 Mo., 377; Stone vs. Malot, 7 Mo., 158.)

EWING, Judge, delivered the opinion of the court.

This is an action of forcible entry and detainer brought before a Justice of the Peace, and removed by certiorari to the Circuit Court. Plaintiff proved on the trial that he was put in possession of the premises under a writ of restitution issued upon a judgment of the Circuit Court of St. Louis county rendered against A. P. Rice, at the June term, 1866, which

was executed May 3d, 1871. That when said Rice was put out by the sheriff he put two persons in possession who had been sent there to receive possession for the plaintiff; that they remained a short time, but before leaving locked and fastened the doors and nailed boards across the windows. In a few days thereafter the defendant Fee was found in possession of the premises. He admitted that he and his co-defendant Rice had broken open the door and had gained an entrance into the house by forcing the lock, hasp and staples off the door.

The defendant offered in evidence the record and judgment in the case of Dilworth vs. Rice, under which Anapias Rice was ejected, also a deed from Marshall, Adm'r of Well, to R. P. Rice dated in 1858; also the record and judgment in the case of Charles Richardson vs. Anapias Rice and Robert P. Rice in the St. Louis Land Court, it being an action of ejectment in which judgment was rendered for the defendant, A. Rice, the suit having been dismissed as to R. P. Rice. (It was admitted for the purpose of this case that in the last mentioned suit, R. P. Rice was not found, or served with process.) All this evidence was objected to by the plaintiff and excluded by the court.

The court instructed the jury, substantially, that if the defendants entered upon the premises in dispute with force or strong hand, or by breaking open a door of a house on said premises, and detained and held the same and continued to detain and hold the same up to and at the time of the institution of the suit, and that at the time of said entry the plaintiff was by his agents or servants in possession of said premises, they should find for the plaintiff, &c.

The jury were also properly instructed in regard to what constituted possession. The defendant asked several instructions based upon the theory of a *constructive* possession in Robert P. Rice, which it was claimed was not affected by the judgment against his tenant A. Rice, because he was not served with process, and because of the failure of his tenant to notify him of the pendency of the suit, and that therefore his entry into the possession was lawful.

City of St. Louis, to use, etc, v. Clemens.

Nothing is more firmly settled by repeated decisions of this court than in actions of this kind, there can be no inquiry into the title to the property involved, that the law forbids a forcible entry with or without title, and that it is immaterial whether the intruder is a mere trespasser or enters under a paramount title, for if he has the right to the possession he must resort to the authority of the law to obtain it. (Stone vs. Malot, 7 Mo., 158; Warren vs. Ritter, 11 Mo., 354; Spalding vs. Mayhall, 27 Mo., 377; Beeler vs. Cardwell, 29 Mo., 72; King's Adm'r vs. St. Louis Gas Light Co., 34 Mo., 34; Harris vs. Turner, 46 Mo., 438.) The evidence relating to the title was therefore properly excluded. The objection to a question asked one of the witnesses, Richardson, and his answer thereto, is not well taken. The *form* of the question may not have been technically correct, but the fact elicited by the answer was pertinent and material. The object of the question was to ascertain for whom, and by what authority he locked up the house; and the answer given states the reason why he locked it, namely, to hold the possession for the plaintiff. His authority to do this is abundantly shown in other parts of his testimony which were not objected to, and by that of other witnesses.

Judgment affirmed. The other Judges concur.

——o——

| 52 | 133 |
| 36a | 444 |

| 52 | 133 |
| 115 | 199 |

| 52 | 133 |
| 56a | 20 |

| 52 | 133 |
| 70a | 546 |

| 52 | 133 |
| 138 | 617 |

| 52 | 133 |
| 157 | 558 |