Greenleaf v. Weakley.

___

Thomas W. Greenleaf, Appellant, v. Edward Weakley, Respondent.

39 191
82 624

St. Louis Court of Appeals, February 4, 1890.

Forcible Entry and Detainer. The right to the possession of premises is not ground for an action of forcible entry; to maintain such action, proof is essential that the plaintiff, or his ancestor, or grantor, had been in possession and had been forcibly dispossessed.

*Appeal from the Stoddard Circuit Court.*—Hon. Jno. G. Wear, Judge.

Affirmed.

*Houck & Keaton,* for the appellant.

If Miller could have maintained the action, so can plaintiff, as his grantee. R. S., sec. 2453; *Kelly v. Clancy,* 15 Mo. App. 519; *Kean v. Kolkschrinder,* 21 Mo. App. 538. And plaintiff's deed from O. P. Miller and wife was and is proper evidence to show plaintiff's rights, under his derivative title, to maintain this action (Revised Statutes, section 2457), and it was error in the court to exclude it upon the objection of defendant. *Pentz v. Kenster,* 41 Mo. 447; *May v. Luckett,* 48 Mo. 472. The testimony of the defendant, as well as that of the plaintiff, shows a forcible entry and detainer. R. S., secs. 2418, 2419, 2433; *Dennison v. Smith,* 26 Mo. 487; *Munch v. Gretel,* 26 Mo. 580; *May v. Luckett, supra; Coolbaugh v. Porter,* 33 Mo. App. 552.

*S. M. Chapman* and *S. G. Kitchen,* for respondent.

There is no evidence to establish that Greenleaf was ever in possession, either by himself or by his tenant, and a failure to sustain that the respondent's entry was otherwise than lawful. There was no testimony that the entry was "with force," or under such circumstances as to lay the foundation for this form of action. That evidence was necessary to sustain the cause of action set forth in the plaintiff's complaint, namely, that defendant "forcibly entered into the possession of the premises and forcibly detains the possession thereof." R. S. 1879, sec. 2419; *Reed v. Bell,* 26 Mo. 216; *Bell v. Cowan,* 34 Mo. 251. There was no error in the exclusion of the deed from Miller to Greenleaf. The title was not in controversy. The only legitimate inquiries were as to the plaintiff's possession, and the defendant's entry.

THOMPSON, J., delivered the opinion of the court.

This was an action of forcible entry and detainer. The statement alleges that on the *fourth of November*, *1886, the plaintiff and his grantor*, O. P. Miller, were in possession of the premises, describing them, and that on that day the defendant *forcibly entered*, etc. The plaintiff's evidence tended to show that the defendant peaceably entered and took possession on the fourth of November, as alleged.

At the close of the evidence no instructions were asked by either party, so far as the bill of exceptions discloses, but the court, sitting as a jury, found, as recited in the bill of exceptions, for the defendant, "that there was no forcible entry and detainer," and rendered judgment for the defendant. In this state of the record there is nothing before us for review. It would appear that the trial court rendered the only judgment admissible in the state of the evidence. Nothing is better settled than that the statutory action of forcible entry and detainer is an action of *peace*, which does not concern the *right* of possession but is designed merely to redress *forcible invasions* of actual possession, and to prevent parties from taking the law into their own hands by violence. This action cannot, therefore, be maintained without evidence that the plaintiff (or, under section 2453, Revised Statutes, his ancestor, devisor, grantor or assignor) had been in possession, and that he had been *forcibly dispossessed* by the defendant. *Craig v. Donnelly*, 28 Mo. App. 342, 350; *Keene v. Schnedler*, 9 Mo. App. 597; *McCartney v. Alderson*, 45 Mo. 35. So strictly is this an action to redress forcible invasions of possession, that it has been held that, if a landlord forcibly ejects his tenant who is holding over after the expiration of the term, the tenant may make use of this action to regain possession. The landlord in such a case cannot take the law into his own hands, but must

resort to legal process to regain his possession. *Krevet v. Meyer*, 24 Mo. 107. See, also, *Beeler v. Cardwell*, 33 Mo. 84; *Van Eman v. Walker*, 47 Mo. 169; *Dilworth v. Fee*, 52 Mo. 130.

The action of unlawful detainer, where a tenant holds over after the term, or where a third person enters *without force* and by disseizin, proceeds on different principles; and we do not wish to intimate an opinion that such an action could not be sustained on the evidence in this case. But as the statement in this case is drawn under section 2419, which relates to forcible entry and detainer, and does not contain the proper averments to sustain an action of unlawful detainer under section 2420, and as there was no evidence of a forcible entry—we must affirm the judgment, for the reasons upon which the circuit court proceeded. It is so ordered. All the judges concur.