*395 Opinion of the Court.
THIS was a proceeding by traverse in the circuit, court, under the law regulating, writs of forcible entries. • vAtj-,.*
The first question 'we shall notieAfiijyolycs the correctness of the decision ofthe circuit Qp^irtin admitting Henry Lee, a, witness introduced by Nej§op,.to give ev-. idence to the jury. :
It appears that Nelson, who was plaintiff m'-ikte warrant, claimed possession ofthe land, .in contest, -lindera lease, from James A.. Paxton, to wbpse wife the Igmd had been conveyed by Alexander K.. Marshall, who. held; the same under a conveyance from Henry Lee, the witness. The deed of conveyance from Lee to Marshall, contains a covenant of, warranty against other claims,, and his competency as a witness'was objected to on the. ground.of interest produced by that warranty.
1. It should, however, be here remarked, that the warranty which was made by Lee to Marshall, lias, by a subsequent conveyance of Marshall, passed to the wife of Paxton, and by a deed thereafter executed and recorded in the mode prescribed for alienating the inheritance of feme coverts, all interest which Paxton and w.ife held in the warranty of Lee to Marshall, has been, released by them to Lee..
A grantor in a deed with ranly, is a competent the^covonant of warranty lias been re-teased.
Witnesses in-krili'of their wívei-, offer* ed and reject-potent °°m'
Were it, therefore, conceded, that without a release, Lee’s evidence would have been incompetent, it cannot be so since the release from Paxton and wife.
If, in consequence of the coverture of Mrs. Paxton, it were impracticable for her in any legal form to release interest she held in the warranty of Lee, it might with great plausibility be contended, that the deed of release executed by both her and her husband could not. absolve Lee from the obligations imposed upon him by j^g warranpy. p>(1+ we apprehend, her coverture cannot have incapacitated Mrs. Paxton from releasing Lee’s warranty by a deed duly executed in conjunction with ^er ^us^an<^* She might, by uniting with her husband in a deed conveying the land to Lee, have thereby extinguished the warranty which had been made by Lee t0 Marshall, her immediate vender; or, by uniting with her husband, in a conveyance of the land to any other person, by a deed containing suitable covenants, she might have imposed on herself an obligation to warrant the land against adverse claimants. And why incompe-. tent to eSekt directly, by a deed of release to Lee, that which would have necessarily resulted from a deed of conveyance made by her to him; and why incompetent to release to Lee the interest which she held in his warranty, when, by.a deed with appropriate stipulations, she might impose upon herself like obligations to, warrant the land to others?
2. The next question for consideration, involves the propriety of the decision of the circuit court in reicct-inS as incompetent the evidence of two witnesses, in? troduced on the trial in that court by the appellant, Those witnesses appear both to be the sons-in-law of ^ne appellant, Mrs. Wall, having each married one of her daughters, the children and heiresses of her deceased husband, in whose right possession was claimed by the appellant; and for the purpose of'disproving the fact of Nelson, the plaintiff in the warrant, having ever been -in fact possessed of the land in contest, and to prove a long continued possession thereof by the husband of the appellant in his lifetime, and his widow, the plaintiff, ever since, those witnesses were introduced by her.
Both witnesses were decided by the court to be interested and incompetent, and we think correctly.
There may be such a possession in fast, of unimproved and unenclosed land, as -will enable the possessorto proceed under the act respecting forcible on-i tries and de-tainers, a-who Invade it,
*397 They are most indubitably interested, if, in its consequences, a decision of this case in favor of the appellant, tejads to establish the right of their wives’ deceased father to the land in contest. For, in the event of the land being, established to be the property of the deceased-father, the wife of each witness would be entitled to a portion thereof, and in right of their wives each witness would be directly interested. And that the decision favorable to the appellant, must tend to the establishment of sucha right, from the facts certified by the judge, admits of no question. If the possession of Nelson, the plaintiff in the warrant, is not proved to have been invaded by the appellant, it is apparent, from the judge’s certificate, that it must be owing to the circumstance of the appellant and her deceased husband being proved to have held the actual adverse possession of the land for more than twenty years; and there is no suggestion in the record, that either Nelson or those under whom he claims w.ere ever in fact possessed of the land prior to that time. So that if Nelson should fail to succeed in this contest, it is obvious he could not recover the land in any other possible form of action.
We know, in a proceeding of this character, the fact of possession in the plaintiff, and a forcible entry on that possession by the defendant, are the only pertinent inquiries; but when these enquiries involve consequences such as we have seen must result from a decision favorable to the appellant, it cannot be improper to advert to them in deciding on the competency of witnesses introduced for the purpose of producing such a decision.
It remains to decide on the correctness of the circuit court’s refusal to instruct the jury as required by the appellant.
3. It appears that the land now in contest between these parties, was formerly in contest between Henry Lee and the husband of the appellant, and that in an ejectment brought by Lee against the decedent, Wall, a judgment was rendered in favor of Lee for the land; and that evidence was introduced, conducing to prove that after Lee had recovered judgment, (the land being then under rent to a certain Dougherty,) Wall, the husband of the appellant, and Dougherty, the tenant, surrendered the possession of the land in contest to Lee, *398 and that Lee and those holding under him held the possession from that time until the appellant made the eiF-try complained of by Nelson in the warrant; though it appears from the evidence, that part of the land so surrendered by Wall and Dougherty, and that part now hi contest, were never enclosed by Lee or any .person holding under him; but, when the surrender was made by Wall and Dougherty to, Lee, the boundary was designated by lines to be run in a manner agreed between the parties. Evidence of a rcpellant character was also introduced, but which is not now necessary to be more particularly noticed.
After the evidence was through on both sides, the court were asked by the counsel of the appellant, to instruct the jury, “ that the law was in favor of her; inasmuch as the surrender of possession proved to have been made by Wall and his tenant, Dougherty, to Lee, was insufficient in law to divest the appellant, or the heirs of the deceased, Wall, of the possession, and wholly insufficient to enable the plaintiff, Nelson, to recover in this form of action.”
The court overruled the motion, and refused to give the instructions to the jury; and, we think, correctly.
In support of the correctness of the refusal of the court to instruct the jury, it might be sufficient to remark, that whether or not the law was in favor of the appellant, could not be known, without first ascertaining the facts which the evidence conduced to prove; and the evidence introduced on the trial is of a character peculiarly proper for the consideration and decision of the jury, and not the court. It is true, there was one fact proved, that of the land in contest never having been actually improved or enclosed by Nelson, the plaintiff in the warrant, or those under whom he claims, about, which there was no contrariety of evidence; and if, in point of law, a warrant for a forcible- entry could not be maintained for an entry upon unenclosed land, it might have been correct for the court to have instructed the jury that the law was for the appellant. But there may, unquestionably, be a possession in facts of land not improved or enclosed; and we are incapable of discovering any expression m the act ofthiscoun-. try concerning writs of forcible entries, which, in our opinion, according to any known rule of interpretation, *399 should confine the operation of the act to forcible en-tides on improved or enclosed land, in exclusion of land in fact possessed, though not so improved or enclosedi
The judgment must be affirmed with costs.