BARTLETT, Respondent, v. DRAPER *et al.*, Appellants.

1. In order to constitute such a possession as will sustain an action of forcible entry and detainer, it is not necessary that the party should stand on the land, or keep a servant or agents there; but any act done by himself on the premises, indicating an intention to hold the possession thereof to himself, will be sufficient to give him the actual possession.

*Appeal from Pike Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Broadhead* and *Hunt*, for appellants.

I. There is no evidence to support the verdict. The action is an action of forcible entry and detainer under the 2d section of the act. To constitute a cause of action under this section, the entry must either be by force or strong hand, &c.; or else the entry must be peaceable (R. C. 1845, p. 512), and then a turning out by force, or frightening by threats or other circumstances of terror, the party out of possession. In this case there was no evidence of either, or any evidence tending to show that the defendants were guilty of either.

II. The court erred in giving the 2d instruction asked by the plaintiff, and in refusing to give the 2d instruction asked by the defendants. The giving of the 2d instruction for the plaintiff, although it may be true as a legal proposition, was nevertheless in this case calculated to mislead the jury. To constitute actual possession, it is not necessary that a man should always be on his land, or keep some one always there. He may leave it temporarily and still be in the actual possession. Business or pleasure may cause a man to leave his house or his farm for a few days or a few weeks, and he may during all this time be very properly considered in actual possession. But if he puts a few posts on a vacant lot, and then leases it for six months, exercising in the mean time no acts of ownership over it, and using it for no purposes whatever, he can hardly be said at the end of that time to be in actual possession of the lot.

III. But even admitting the plaintiff was in actual peaceable possession of the premises, though not upon the ground at the time of the entry by defendants, still the entry of the defendants was peaceable, and the holding over, if wrongful, was without force, and a demand in writing should have been given for the possession of the premises. If liable at all, the defendants were liable for disseizin under the provisions of the 3d section of the act, and in that case they should have been sued for unlawful detainer after demand made in writing, and not for forcible entry and detainer. (11 Mo. 354; R. C. 1845, p. 512.)

*A. H. Buckner*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was an action of forcible entry and detainer by Bartlett against the defendants and others for two lots of ground in the town of Louisiana. The plaintiff had judgment before the justice. The defendants appealed to the Circuit Court. On the trial in that court the plaintiff again had a verdict and judgment. After the evidence was closed on both sides, the court

Bartlett v. Draper.

gave three instructions for the plaintiff, and one for the defendants, and refused to give the other instructions asked for by defendants. The defendants excepted to the giving of the instructions for the plaintiff and the refusal to give theirs. The questions made in this court are as to the propriety of the second instruction given for the plaintiff, and the refusal to give the defendants' second instruction.

As to the point made by the appellants' counsel, that there is no evidence to support the verdict, we pass that by, remarking that, after what has been so often said by this court in regard to a want of evidence or no evidence to support t e verdict, we are somewhat surprised that such a point should be made before us. We do not retry the case here upon the evidence. We will look to see if there be evidence to warrant an instruction which should have been given, before we reverse because it was not given. But whether the evidence supports the verdict is a question that can, with more profit, be addressed to the lower courts who hear and try the cause.

The second instruction asked by plaintiff, and given to the jury, is as follows : " In order to constitute possessicn in plaintiff, it is not necessary that he should stand on the land, or keep servants or agents there ; but any act done by himself on the premises indicating an·intention to hold the possession thereof to himself, will be sufficient to give him the actual possession." The appellants object to this instruction, because it was calculated in this case to mislead the jury. They grant it may be true as a legal proposition. Now, in this case, we think the instruction proper and correct. The plaintiff had put a tenant on his lots. The tenant had remained there for three years or thereabouts, and had built a stable on one of the lots, and fenced them in ; the plaintiff being on a trip to California. The tenant sells his right to the stable to the defendants, Drapers—just such right as he had as a tenant of plaintiff, and informs the defendant (Draper) of the plaintiff's possession by him. The fence is afterwards thrown down and the stable not used, and the lots become vacant. The plaintiff then has posts

hauled and placed around three sides of these lots for the purpose of enclosing them. The defendants make their agent throw these posts out of the way and fence up the lots. While they were about this work, the plaintiff orders them to stop, saying that the lots were his, and whoever put a fence there it would be taken by him. The defendants are informed of this; they order their workmen to go and fence up the lots, throwing the plaintiff's posts some outside and letting others stay within. Now we can not see how this instruction could mislead the jury in this case. It was therefore proper.

The second instruction asked for by defendants, and which the court refused, is as follows: " That if they believe from the evidence that Bartlett had posts put on the lot in October, 1852, and from that time till April, 1853, Bartlett exercised no other acts of possession, the jury may presume that Bartlett abandoned his possession ; and if he had abandoned his possession at the time defendants entered, then they must find for the defendants." This instruction was properly refused. Nothing warrants the courts below in taking up parts and parcels of the facts in proof and leaving out other parts ; and then saying to the jury, if these facts be in proof, you may presume such other facts. Such instructions are well calculated to mislead the jury. There is no foundation for such a course here. It could not seriously be contended that the owner had abandoned his property in the posts, out of which he intended to make in part his fence, because he failed to put them up and nail planks to them from the month of October to the following April. It would be absurd to entertain such an idea.

There is nothing in the third and fourth points relied on to reverse this judgment. If entering upon a person's lot and hauling timber thereto, pulling down his stable and throwing off his posts and putting up a fence thereon, against his orders, be a possession in peace and without force, then the terms are grossly misunderstood. Let the judgment below be affirmed ; the other judges concurring.