STEPHEN C. KING'S ADM'R, &C., Respondent, v. THE ST. LOUIS GAS LIGHT COMPANY, Appellants.

*Forcible Entry and Detainer.*—The party in actual possession of the premises, no matter how acquired, can maintain the action for a forcible entry and detainer, and his unlawful entry cannot be set off against an unlawful entry upon his possession; although the enclosures may have been removed, acts indicating the intention to hold will be sufficient to continue the possession.

### Appeal from St. Louis Land Court.

This was an action of forcible entry and detainer brought by S. C. King to recover the possession of a piece of land on the shore of the river, in St. Louis.

Plaintiff proved by J. G. Barry that he was agent for plain-

tiff, and fenced the land in dispute in the winter of 1858; that the fence remained till the spring or summer of 1858, when it was carried off by the high freshet of that year; that he then put up a notice, and kept it on the land, saying it was for rent by him; that, some time in the following winter, he went down there and found the defendants' agents fencing up the land; that he forbid them doing it, and ordered them to stop, which they disregarded; that he told them who had possession of the land and claimed it, (to-wit, the plaintiff King); that he put a man on the lot, who remained there till he was fenced in by defendants' agents.

The defendants introduced testimony tending to show that they were formerly in possession of the land, and had fenced it, but that the fence put there by them had been gone a good many years before the plaintiff put a fence there; that they had used the land to throw waste matter from their gas works upon, or haul sand from; that their possession extended from their works to the river.

Plaintiff introduced evidence tending to show that defendants never had possession of the premises, and that they had been vacant many years before plaintiff fenced them.

The court instructed the jury as follows for the plaintiff:

1. The jury have nothing to do with the title of either party to the ownership of the land. It is a question of possession only in the plaintiff, and of a forcible entry and detainer by the defendants. Therefore, if the jury find that the plaintiff was in peaceable possession of the land, and that the defendants, acting by their agents or servants, entered upon the same against the will of the plaintiff and took possession thereof and detained the possession, the verdict must be for the plaintiff.

2. The jury are instructed that, to justify a verdict for the plaintiff, they must believe from the evidence that the said plaintiff was in actual possession of the premises at the time of the forcible entry here complained of; but they are also instructed that by actual possession is not meant that the plaintiff should stand upon the land, or keep his agents or

servants there, to keep off trespassers or intruders; but that any act done by plaintiff, or his agent, indicating an intention not to abandon the premises, but to keep and hold the possession thereof to himself, will retain the possession in him.

For defendants, the court gave the following instruction:

1. If the jury find from the evidence that the defendants had the possession of the premises in question and fenced the same prior to the time the plaintiff took possession of the same; if the fence so put up by the defendants was afterwards washed away by the action of the river, and thereby the premises became vacant and unenclosed; and if, after the premises became vacant and unenclosed, the plaintiff went upon the premises and put up a fence around the same, without the consent of the defendants, and with knowledge of their claim thereto; if, afterwards, the fence so put up by the plaintiff was washed away by the river and said premises again became vacant and unenclosed, and the defendants thereafter, without force or violence, and while no person was in possession of said premises, peaceably went upon the premises and fenced the same, then the defendants are not guilty of the forcible entry and detainer charged in the complaint, and the jury should find for the defendants.

The court refused the following instructions asked for the defendants:

1. If the jury find from the evidence that the defendants' possession, in 1847, of the premises on which the gas works stood extended to the Mississippi river; that said river has been gradually receding since that time; that, in 1851, the defendants caused the premises between the gas works and the river to be fenced; that the defendants used said land for the purpose of hauling sand therefrom for several years; that the fence of the defendants was washed away and the posts in part buried by the sand of the river; and that the plaintiff built a fence on the premises in January, 1858, which was washed away by the flood of 1858, and that the said fence was built there against the will of the president of the gas

company and the defendants, and that after said fence of plaintiff was washed away the land remained open and unenclosed; and that the defendants' servants, without force, built a fence upon said premises in January, 1859, with the intent to resume the former possession of the defendants, and that, in building said fence, they entered peaceably upon the land, no other person being in the actual possession thereof, then the jury are instructed to find for defendants.

2. If the jury find from the evidence that the premises in question were vacant and unenclosed when the defendants entered upon them and put up the fences in the winter of 1859, spoken of by the witnesses; if in so doing the defendants used no force or violence; and if the defendants had had peaceable possession of the same premises prior to the time the plaintiff took possession of the same; if the defendants never abandoned their said prior possession, then defendants are not guilty, &c.

3. If the jury find from the evidence that the fence, built in the winter of 1859, was built by the servants of the defendants in a peaceable manner, without force, and that the defendants never gave the said servants any instructions to take forcible possession thereof, and that no resolution of the corporation was made instructing the defendants' servants to commit a forcible entry or detainer; and that the said entry of defendants' servants was peaceable, and that no force or threats were used by the defendants' servants to put the plaintiff out of possession, or to frighten him or his agent from entering upon the premises, then plaintiff cannot recover.

*D. T. Jewett*, for respondent.

I. Plaintiff says that his proof was ample to show that he had possession of the premises at the time the defendants entered and built the fence in 1859. In Bartlett v. Draper, 23 Mo. 407, the court say that every act indicating an intention to hold possession is sufficient to give actual possession. The 16th section of the act concerning forcible entry and detainer says the plaintiff shall prove he was lawfully possessed, &c.

This only means that he was peaceably possessed. (Krevet v. Meyer, 24 Mo. 407.)

II. The right of possession has nothing to do with the case. It is merely the fact of possession that can be inquired into in this form of action. (Beeler v. Cardwell, 29 Mo. 72.)

III. The entry of the defendants upon the premises, (while the plaintiff was in possession,) and the detention of the same without force, was sufficient to entitle the plaintiff to maintain this action. (Wunsch v. Gretel, 26 Mo. 580; Spaulding v. Mayhall, 27 Mo. 377; 2 sec. Act Forc. Ent. & Det.)

IV. As a matter of law, it is quite immaterial whether the gas company ever had a former possession of the premises or not. All the testimony upon that point was irrelevant, and no instruction should have been based upon it. The simple question was whether the plaintiff was in peaceable possession of the premises at the time the defendants, by their agents, entered and built the fence in 1859. Even if the defendants had been in possession in 1858, when the plaintiff entered and built his fence, and by so doing had violated the defendants' possession, that would only have given the defendants a cause of action against plaintiff, but could be no defence to this suit if the plaintiff had peaceable possession at the time this cause of action is alleged to have accrued.

The object of the statute, as fully explained by the decisions, is to prevent a scramble or fight for possession, or even a breach of possession. Whoever is in peaceable possession of land is entitled to stay there till put out by process of law, and if there is any exception to this it is only where there is some contract in the matter.

BATES, Judge, delivered the opinion of the court.

So long as the plaintiff had the land, the possession of which is in controversy, fenced, there can be no doubt that his possession was such as would support an action for forcible entry and detainer, and in such action it is immaterial how he acquired it. If he acquired possession wrongfully he was

subject to an action therefor, but his unlawful entry cannot be set off against an unlawful entry upon his possession.

When his fence was swept away by the high water, he did not of necessity and immediately lose his possession. He might then and afterwards have abandoned it; but if he did anything indicating his intention to hold the possession, it would be sufficient to give him the actual possession. (Bartlett v. Draper, 23 Mo. 407.)

The three instructions given by the court stated the law correctly and fairly. The second uses almost precisely the same language approved by this court in the case of Bartlett v. Draper, above cited.

Judgment affirmed. Judges Bay and Dryden concur.