Miller v. Northup et al.

———————•———————

WILLIAM J. MILLER, Respondent, v. CLARK NORTHUP, ANDERSON SCROGGINS AND O. A. TURNER, Appellants.

1. *Forcible entry and detainer—Indicia of actual possession—What sufficient.* —In an action of forcible entry and detainer it appeared that plaintiff, in entering upon land, caused it to be surveyed, established the corners, cut hay upon the land and ricked it up, and forbade others to cut hay upon it; *held,* that such acts amounted to open and visible *indicia* of possession, from which the jury might deduce actual possession and find for plaintiff.
2. *Forcible entry and detainer — Proof of possession — What sufficient.* —In actions under the statute for forcible entry and detainer, proof of title in the plaintiff, with payment of taxes and acts of ownership merely, is not evidence of peaceable possession. But plaintiff need not be always on the land, provided the occupation by the owner is intended to be permanent.
3. *Forcible entry — Possession — Wild lands.*—There may be possession in fact of unimproved and uncultivated land. An entry upon land, with the intention of clearing and fitting it up for cultivation, is such an entry as that a jury may be authorized to infer actual possession from it.

*Appeal from Sullivan Circuit Court.*

*G. D. Burgess*, for appellants.

The evidence shows that the land in controversy was, at the time appellants entered, uninclosed, no person residing on it, nor was any part of it in cultivation, nor was there anything connected with the property which indicated to the public that any person claimed to be in possession of the premises. It was a smooth prairie tract, entirely barren of improvements of any kind or description. There was no actual possession as distinguished from constructive. An actual possession is required. (Brown v. Dean, 9 Mo. 298 ; Holland v. Reed, 11 Mo. 605 ; McCartney v. Mullen, 38 Ill. 237; McCartney's Adm'r v. Alderson, 45 Mo. 39.)

*Brownlee, Easley & Mullins*, for respondent.

Actual occupancy is not necessary to sustain an action, and actual possession may be shown by any act of possession. (Langworthy v. Myers, 4 Iowa, 18 ; Roberts v. Long, 12 B. Monr. 194 ; Campbell v. Thomas, 9 B. Monr. 82 ; Bell v. Longworth, 6 Ind. 273.)

WAGNER, Judge, delivered the opinion of the court.

This was an action of forcible entry and detainer, brought by the plaintiff against the defendant, to recover the possession of a tract of land lying in Linn county. Before the justice of the peace plaintiff had judgment, and on appeal to the Circuit Court the finding was again for him. The record shows that the plaintiff purchased the land, and within a short time thereafter had it surveyed and the corner-stones established ; that during that year and the year following he cut hay upon the land, and permitted no person to use it without his consent. After his purchase he had it assessed in his own name and paid taxes on it. The evidence further tended to prove that the plaintiff had a hay-rick on the land when the defendants took possession, and that he had permitted an adjoining proprietor to build a fence on the east line of it for the purpose of planting a hedge.

The only point raised was whether this constituted sufficient possession to entitle the plaintiff to maintain the action for forcible entry and detainer. The court, at the instance of the plaintiff, in substance instructed the jury that if they believed from the evidence that the plaintiff was, at any time within three years next before the commencement of the action, in peaceable possession of the premises, and while so possessed thereof, and before the action was commenced, the defendants, without his consent and against his will, entered into and took possession, then they should find for plaintiff; and that, in order to constitute possession in the plaintiff, it was not necessary that he should stay on the land, or keep agents or servants there; but that any act done by himself on the premises, indicating an intention to hold the possession thereof in himself, was sufficient to give him actual possession.

There was a further instruction declaring that if the fence built on the line of said land was built with the consent of the plaintiff, such building was not a possession adverse to the plaintiff, but might be considered as tending to show possession in him.

The court, at defendants' request, told the jury that before they could find for the plaintiff they must believe from the evidence that, at the time of the alleged entry and detainer of the premises by the defendants, the plaintiff was in the actual possession thereof; and that, if they believed that the person who built the fence was in the actual possession of any part of the premises, then they would not take such possession into consideration in making their verdict. The court, of its own motion, gave an additional instruction, the purport of which was that to enable the plaintiff to maintain his action, his possession must have been actual as distinguished from constructive; that the premises, at the time of the alleged entry and detainer, must have furnished visible tokens of occupancy. Some of the instructions asked for by defendants, and refused, asserted incorrect propositions of law; and the others were useless, as those already given sufficiently covered the case.

In actions under the statute for forcible entry and detainer, proof of title in the plaintiff, with payment of taxes and acts

of ownership merely, is not evidence of peaceable possession. (McCartney *et al.* v. Alderson *et al.*, 45 Mo. 35 ) But it is not necessary to be always on the land, provided the occupation by the owner is intended to be permanent. Thus, in the case of Bartlett v. Draper, 23 Mo. 407, the plaintiff had peaceably taken possession of his own lots, formerly occupied by defendants, and commenced building a fence around them, but in the autumn had proceeded only so far as to plant the posts. In the spring, before he had completed the fence, the defendants entered against his protest and fenced the lots. In an action against them the court held that " any act done by himself (the plaintiff) on the premises, indicating an intention to hold possession thereof to himself, will be sufficient to give him the actual possession." (See also Hoffstetter v. Blattner, 8 Mo. 276 ; Lockwood v. Thorp, *id.* 636 ; Kincaid v. Logue, 7 Mo. 168.)

In the present case the record shows that at the time the defendants entered upon the land and detained the same, the premises were not inclosed and no house was built upon them. But the jury were not thence bound to infer that the plaintiff could not have been in the actual possession. There may be possession in fact of unimproved and uncultivated land. (Wall v. Nelson, 3 Litt. 398 ; Langworthy v. Meyers *et al.*, 4 Iowa, 18.) An entry upon land, with the intention of clearing and fitting it for cultivation, is such an entry as that the jury may be authorized to infer actual possession from it. (Humphrey v. Jones, 3 Monr. 261.) A different doctrine would place the owners of wild and uncultivated land at the mercy of every intruder and trespasser who might choose to settle upon it.

The acts of the plaintiff here were not confined to acts of mere ownership or the assertion of title. He entered upon the land, caused it to be surveyed, and established the corners. He cut hay upon the land and ricked it up, and forbade others from cutting hay. This, it seems to me, amounts to open and visible *indicia* of possession, from which the jury were authorized to infer or deduce actual possession.

The rulings of the court coincide entirely with our views of the law upon the question of what is sufficient to constitute actual

possession, and there was undoubtedly sufficient evidence to take the case to the jury. The plaintiff remitted a part of the damages assessed by the jury, and after that was done there is nothing left authorizing our interference on account of excessiveness in the verdict.

Judgment affirmed.     Judge Bliss concurs.     Judge Adams absent.