Joseph W. Kennedy, Respondent, v. Newton Prueitt, Appellant.

St. Louis Court of Appeals, February 1, 1887.

1. Jurisdiction—Justices—Practice.—If it appears from the justice's transcript and from the testimony of both parties at the trial that the justice had jurisdiction, it is too late, after verdict, to object that the statement filed is jurisdictionally defective.

2. Unlawful Entry and Detainer—Possession.—An entry under

color of title and the taking possession of a part of a tract showing defined boundaries, will be deemed a taking possession of the whole tract.

3. ———— DISSEIZIN.—The entry of a disseizor, without color of title, upon another's possession, is possession of only that part of the land actually occupied by the disseizor.

4. ———— LIMITATIONS.—Under evidence showing the defendant's continued possession of a tract of land having defined boundaries, for a period of more than three years prior to the bringing of a suit for unlawful entry, there can be no recovery, although during that period the plaintiff had entered upon, and exercised acts of possession over, parts of the tract, in attempts to disseize the defendant.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Reversed and judgment.*

THOMAS A. RUSSELL, for the appellant: The jurisdictional facts must be alleged in the petition or complaint, and be proved on the trial, hence the appellant's instructions, in the nature of demurrers to the evidence, should have been given. *Backenstoe v. Railroad*, 86 Mo. 492; *Roberts v. Railroad*, 19 Mo. App. 649; *Haggard v. Railroad*, 63 Mo. 302; *Creason v. Railroad*, 17 Mo. App. 111; *Schell v. Leland*, 45 Mo. 289. The appellant's instructions, in the nature of demurrers to the evidence, should have been given, because the respondent's evidence showed that the appellant and his lessors had been in possession of the premises continuously for more than three years before the commencement of this suit, having them enclosed by a fence, which was maintained in such manner as to make it and continue it an actual possession as a matter of law in them. *King v. Gas Light Co.*, 34 Mo. 34; *Campbell v. Allen*, 61 Mo. 581; *Southmayd v. Henley*, 45 Cal. 101; *Gellespie v. Jones*, 47 Cal. 259; *Miller v. Northrup*, 49 Mo. 397; *Bartlett v. Draper*, 23 Mo. 407.

PATTISON & CRANE, for the respondent: The juris-

diction of the justice appears on the face of the record. The *locus in quo* is sufficiently shown by the complaint, and the *venue* is well stated. The evidence of both parties established the fact that the *situs* of the property is the city of St. Louis. *Walker v. Harper*, 33 Mo. 592; *Silvey v. Sumner*, 61 Mo. 256; *Tipton v. Swayne*, 4 Mo. 98; *Harvie v. Turner*, 46 Mo. 444; 1 Rev. Stat., sect. 2805. Such defect, if it existed, is cured by the statute of jeofails. The instructions given at the instance of the respondent were unobjectionable; those refused were faulty, both in phraseology and substance, and were fully covered by those given at the appellant's instance. The instructions taken together properly declared the law. *King v. Gas Light Co.*, 34 Mo. 34; *Edwards v. Cary*, 60 Mo. 572; *Southmayd v. Henley*, 45 Cal. 101. The constructive possession which remained in the complainant's grantors after their lessee left the premises, was transferred to the complainant. *May v. Luckett*, 48 Mo. 472.

ROMBAUER, J., delivered the opinion of the court.

A preliminary question to be disposed of is, whether the trial court had jurisdiction in the premises. The action is one of unlawful entry and detainer, and was removed by *certiorari* from the justice to the circuit court. As the circuit court has no original jurisdiction in these cases, it could acquire none by removal, provided the justice before whom the suit was originally brought had none. *McQuoid v. Lamb*, 19 Mo. App. 153; *Gideon v. Hughes*, 21 Mo. App. 528; *Fletcher v. Keyte*, 66 Mo. 285.

The complaint purports to have been filed before one Thomas Campbell, justice of the peace in and for the * * * to recover the possession of lands described as lot twenty-two of Graham's subdivision of the sulphur spring tract in the United States survey 2037, being now known as city block 4642, and the affidavit is sworn to before Thomas Campbell, justice of the peace,

fourteenth district. The defendant appeared in obedience to a writ of summons directed to the constable of the fourteenth district of the city of St. Louis, and moved for a change of venue, which was granted, to the justice of the thirteenth district. The writ of the circuit court was directed to the justice of the thirteenth district of the city of St. Louis, who in obedience thereto certified the papers to the circuit court. The transcripts of both justices show that they were acting as justices in and for the city of St. Louis. Upon the trial in the circuit court, it appeared by documentary evidence offered by both parties that the premises in controversy were within the city of St. Louis. These being the facts bearing on the question of jurisdiction, we think the defendant is precluded from asserting with effect, for the first time after verdict rendered, that the justice had no jurisdiction, because the complaint is defective in the statement of jurisdictional facts. *Walker v. Harper*, 33 Mo. 592; *Silvey v. Summer*, 61 Mo. 256. This point, therefore, must be ruled against the defendant, the appellant, who now insists upon it.

Nor was there any error on the part of the court, in refusing the defendant's demurrer to the evidence, at the close of the plaintiff's testimony. The plaintiff had made a *prima facie* case, by showing some acts of possession under color of title, and there was some evidence tending to show that this was anterior to the defendant's entry. Taking, however, the facts of the case, as shown by the testimony of both parties, facts which are substantially uncontroverted, and we are clear that the plaintiff was not entitled to recover as a matter of law, and that the defendant's instruction, to that effect, when offered at the close of the entire testimony, should have been given.

The testimony shows the following undisputed facts: The premises consist of a ten-acre lot, broken in surface, and unfit for cultivation, which adjoins a lot

of the same size used for quarry purposes. One Holland, under Bunch, was in possession of the premises prior to the early part of 1882, at which time they were surrounded by a substantial fence. In the early part of 1882, one Seimers, claiming under Bunch and Brault as far back as 1870, entered upon the premises, bought the fence from a person claiming to own it, and has ever since, by himself and his lessees, exercised some acts of possession over the premises, repairing the fences, and grazing cattle upon them, until in May, 1885, the defendant, claiming also under Seimers, moved some lumber upon the premises, out of which he subsequently constructed a shanty, which he occupies. The fence, in the meantime, by depredation of neighbors and others had suffered, until at best only two sides of it remained intact.

All the testimony, therefore, a great part of which was corroborated by the plaintiff's own witnesses, puts the matter beyond substantial doubt, that from the early part of 1882, until the institution of this suit, in December, 1885, the defendant and persons under whom the defendant claims, had actual possession of the premises under a claim or color of title co-extensive with the boundary of the premises, and that their possession was sufficiently defined to give them the legal possession of the premises, against a mere trespasser.

The plaintiff's testimony tended to show that one Wall obtained from Bunch a deed for these premises in December, 1883. Wall knew that the premises were claimed by Seimers, and in fact tried to buy Seimers' title, before he conveyed to the plaintiff. When Wall bought, he had the deed executed to one Theresa Sadler, preferring, for reasons not disclosed, not to be known as owner of the premises. Sadler executed a blank deed and delivered it to Wall, who, in the year 1885, caused the blank to be filled with the plaintiff's name and delivered it to the plaintiff, as he states, about the time when the deed was recorded, which was November 30,

1885. Wall was a witness for the plaintiff. We can find no evidence in the record showing that Wall ever exercised any acts indicating possession over the property, nor is his possession connected in any way with that of Holland. The only acts evidencing any possession whatever by the plaintiff himself, was the dumping of a few loads of dirt into some sink holes on the ground, and the piling of some rock from the adjoining quarry, in which the plaintiff was interested, on a corner of this lot, such rock being subsequently removed. Even these acts, as far as the testimony shows, were anterior to any color of title acquired by the plaintiff.

So that, whether we view the evidence as establishing beyond reasonable controversy a case falling within the provisions of section 2444, Revised Statutes, which bars the action if not commenced within three years after the entry, or whether we view it as failing to establish such actual possession of the premises by the plaintiff as would enable him to maintain the action against one who violated it, we must come to the conclusion, that the evidence made no case, which the court was justified to submit to the jury against the defendant's objection.

It is true that one unlawful entry can not be set off against another. *King v. Gas Light Co.*, 34 Mo. 34, 39. If the plaintiff had clearly shown actual possession of the premises, or of part of the premises under color of title for the whole, then the defendants could not have defended a subsequent unlawful entry, by showing that the plaintiff's entry was also unlawful. But the mere dumping of some earth, or the piling and removing of rock, on small fractions of the lot can not possibly, in the light of the entire testimony, be viewed as the taking of possession of a ten-acre lot. The possessory right of a mere disseizor never extends beyond the limits of his actual occupancy. *Bradley v. West*, 60 Mo. 40. The plaintiff's case is that of one who, by an unlawful entry upon the defendant's possession, attempts to secure the

advantage which possession gives in a contest of title, a proceeding not to be encouraged by the courts. *Bartlett v. Draper*, 23 Mo. 407; *Miller v. Northup*, 49 Mo. 400.

We can clearly see the difficulty under which the trial court labored in an attempt to distinguish possession as a matter of law, from possession as a matter of fact. In many cases the boundary between the two questions is so indistinct that it is difficult to decide, without a close analysis of the testimony, which the haste of a jury trial does not admit of, on which side of the boundary the case lies. That analysis, which we were enabled to make with care, has satisfied us, that the plaintiff under the evidence is not entitled to judgment as a matter of law.

As all the facts are before us, and there is no substantial controversy concerning them, the judgment will be reversed and judgment entered in this court for the defendant. All the judges concurring, it is so ordered.