THOMAS BACON, Appellant, v. JOSEPH PERRY, Respondent.

St. Louis Court of Appeals, March 8, 1887.

1. PRACTICE, APPELLATE—EXCEPTIONS.—Exceptions not preserved in the motion for a new trial will not be noticed on appeal.

2. ———— COUNTER-CLAIM—FAILURE TO FIND THEREON.—The failure of

a jury to find on a counter-claim can not be objected to by the plaintiff, where the defendant treats the omission as equivalent to a finding against him.

3. ———— INSTRUCTIONS.— The submission to the jury, by instructions, of irrelevant issues, is not of itself ground for the reversal of the judgment.

APPEAL from the St. Louis County Circuit Court, W. W. EDWARDS, Judge.

*Affirmed.*

CREWS & BOOTH, and THOMAS B. CREWS, for the appellant: The answer of the defendant set up a counter-claim, which the replication denied, and on that issue there was no finding; the jury must find on all the issues. *Jones v. Snedecro*, 3 Mo. 275 (side p. 390) ; *Pratt v. Rogers*, 5 Mo. 51. The counter-claim, under the pleadings, the evidence, and the instructions, presented an issue for the consideration of the jury, which they were in duty bound to respect. Without a finding as to the counter-claim, the verdict was incomplete ; and, without such finding, whatever may have been the cause of the dereliction, the plaintiff has a right to complain, for there is no *res adjudicata*. *Wright v. Salisbury*, 46 Mo. 26 ; *Spradling v. Conway*, 51 Mo. 51 ; *Hickerson v. Mexico*, 58 Mo. 61. There is no issue raised by the pleadings to which these instructions are applicable. It was the duty of the court to sift the pleadings, and state the issues. *Edelman v. St. Louis Transfer Co.*, 3 Mo. App. 503. And it is error in the court to submit to the jury an issue of fact, concerning which there is no allegation in the pleadings. *Bank v. Murdock*, 62 Mo. 71 ; *Kennedy v. Railroad*, 70 Mo. 252 ; *Glass v. Gelvin*, 80 Mo. 297 ; *Mauser v. Botts*, 80 Mo. 651 ; *Newham v. Kenton*, 79 Mo. 382, and cases cited.

EBER PEACOCK, for the respondent: This judgment distinctly restricts the defendant's recovery simply to the costs as to all the issues in this case as to which

evidence was heard. The counter-claim was adjudicated, and the judgment is conclusive against it. *Wright v. Salisbury*, 46 Mo. 26.

ROMBAUER, J., delivered the opinion of the court.

Some confusion has arisen in this case, owing to the state of the pleadings. The petition, instead of setting out the legal facts constituting the plaintiff's cause of action, sets out the evidence tending to prove the facts. The defendant's answer, after denying such evidential facts in detail, states another set of evidential facts tending to disprove the facts stated by the plaintiff, and concludes by stating a further series of evidential facts as the basis of two counter-claims, one resting on contract for three hundred and fifty dollars, and one sounding in tort, for one hundred and twenty dollars, for which amounts, respectively, an affirmative judgment is asked against the plaintiff.

The pleadings, stripped of all superfluity, are as follows : The plaintiff claims that he was employed by the defendant as a hotel clerk at fifty dollars per month and board for himself and family, for eighteen and two-thirds months, and that the contract value of his services was $933.33, of which amount the sum of $566.88 was paid to him, and the sum of $366.45 remains unpaid. That, during part of the time of the service period, the defendant failed and refused to board and lodge the plaintiff's family, to the plaintiff's damage in the sum of one hundred and eighty-eight dollars. Wherefore the plaintiff asks judgment for $554.45.

The answer, after denying the plaintiff's statement, admits his employment, in various capacities, at forty dollars per month, for a period from August 31, 1881, until October 19, 1882, and states that the plaintiff has been paid in full of such services the sum of $547.33, the additional item of $14.55, which goes to make up the sum of $566.88, admitted to have been received by the plaintiff,

being the amount of a freight bill paid by the plaintiff for the defendant, and refunded to the plaintiff.

The answer also states a full settlement, upon an account stated at the termination of the plaintiff's employment, and a payment of the amount thus ascertained.

The first counter-claim, made by the answer, is for boarding the plaintiff's wife and children, and giving his sick wife the necessary attendance, at the plaintiff's request, the amount claimed on that account being three hundred and fifty dollars.

The second counter-claim is for the wrongful conversion of the defendant's watch by the plaintiff, the amount claimed being one hundred and twenty dollars. The jury found a verdict for the defendant, and failed to make any finding on the two counter-claims.

The plaintiff moved for a new trial, assigning as grounds that the court erred in excluding proper evidence offered by the plaintiff, and in admitting improper evidence offered by the defendant ; that it erred in its instructions to the jury, and that the verdict was against the law and the evidence. No motion in arrest was filed.

Appellate courts will not consider errors complained of, unless properly saved by motion for new trial, or in arrest. The appellant, therefore, is not in a position to complain, as he now does for the first time in this court, that the jury found against him on two counts, when, in point of fact, there was only one count in the petition, and that the jury failed to make any finding on, the counter-claims, as the attention of the trial court had not been called to these alleged errors, either by motion for new trial or in arrest. *Brady v. Connelly*, 52 Mo. 19 ; *Kansas City Hotel v. Sigement*, 53 Mo. 176 ; *Acock v. Acock*, 57 Mo. 154; *Ward v. Quinlivin*, 65 Mo. 453.

Outside of this there is no merit in either of these objections. The finding against the plaintiff, being more detailed than the pleadings demanded, could, in no sense, have been prejudicial to him. Nor has he, in any sense,

been prejudiced by the failure of the jury to find separately upon the defendant's counter-claims, since the defendant is willing to treat their general finding as equivalent to a finding for the plaintiff on those issues. *Wright v. Salisbury*, 46 Mo. 26 ; *Spradling v. Conway*, 51 Mo. 51 ; *Hickerson v. Mexico*, 58 Mo. 61.

The testimony is not all preserved in the record. A telegram, a letter, and an account rendered, which is claimed by the defendant to have been an account stated, all of which were offered in evidence, are not preserved in the transcript. Under these circumstances we are not justified to review the instructions complained of, because we can not say whether giving them, under all the facts of the case, could have possibly been prejudicial to the plaintiff. If some of the instructions given submitted irrelevant issues to the jury, the plaintiff is himself to blame, by embodying in his own petition a large amount of irrelevant matter, instead of confining himself to the statement of legal facts. The verdict was fully warranted by the evidence, and is apparently for the right party. The plaintiff's own testimony leads to the conclusion that he performed no services for the defendant, under any agreement for compensation, prior to August 29, 1881, nor after October 19, 1882, and, giving him all he claims for that entire time, namely, fifty dollars per month, and it would appear that the balance due him is only $63.12.

On the other hand it appears, by the defendant's evidence, and the fact stands uncontradicted, although the plaintiff himself testified in rebuttal, that, after the plaintiff left the defendant's employ, a check was sent to him by the defendant, accompanying a copy of an account rendered, and covering the balance as shown by said account ; that the plaintiff acknowledged the receipt of the check, and only claimed a mistake of fifteen dollars in the account, which amount was, thereupon, at once remitted to him. Nor was any claim made by the plaintiff that he, at any time, objected to that settle-

ment, prior to the institution of this suit, although two months intervened between the two periods.

No testimony whatever, offered by the plaintiff, was excluded. If incompetent testimony was admitted for the defendant, the plaintiff has saved no exceptions, because his objections are too broad and not sufficiently specific. An objection in this form : "Defendant objects to the reading of the deposition, and especially to that part of it which relates to the books of defendant, and to the contents of letters said to have been received by deft." (plaintiff), is too vague and indefinite to be entitled to consideration in any court. The objection must state the questions, answers, or sentences objected to, and must, moreover, state the ground of objection, before the trial court can be put into the wrong, for disregarding it.

The judgment is affirmed. All the judges concur.