Meriwether v. Howe.

# H. M. MERIWETHER, Respondent, v. S. K. HOWE, Appellant.

### Kansas City Court of Appeals, February 8, 1892.

1. **Practice, Appellate**: DEMURRER TO EVIDENCE: ABSTRACT. The appellate court cannot consider the action of the trial court in overruling a demurrer to the plaintiff's evidence, where all the evidence is not set out in the abstract.

2. **Forcible Entry and Detainer**: SUFFICIENT COMPLAINT. A complaint in forcible entry and detainer set out in the opinion is *held* sufficient.

3. ———: DESCRIPTION. In this case the proof sufficiently identifies the land in the possession of the defendant as the same described in the complaint.

4. ———: HUSBAND'S RIGHT TO POSSESSION OF WIFE'S REALTY. The common-law right of the husband to the enjoyment of the real estate of the wife held in her own right still exists, and can only be divested for the causes and in the mode specified in the statute; and the husband can maintain an action of forcible entry and detainer therefor in his own name.

5. ———: WHAT AMOUNTS TO. Defendant extended his house over into plaintiff's inclosure, tore down plaintiff's fence, and then declared himself in possession and claiming that his possession was prior to that of plaintiff. *Held*, he was guilty of forcible entry, as overt acts, indicating dominion and purpose to occupy and not to abandon the premises, will constitute possession.

6. ———: TITLE: ONE UNLAWFUL POSSESSION UPON ANOTHER. In an action of forcible entry and detainer, neither title nor the right to possession is in issue; nor can one forcible entry be set off against another.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

·AFFIRMED.

*H. L. Strohm* with *Kagy & Bremermann*, for appellant.

(1) The complaint ·does not state that plaintiff was in the actual possession of the land, nor does the

proof show actual prior possession. The proof clearly shows a trespass and scrambling possession. *Dyer v. Reitz*, 14 Mo. App. 45; *Kennedy v. Pruitt*, 24 Mo. App. 419; *Conroy v. Duane*, 54 Cal. 597; *Anderson v. Mills*, 40 Ark. 192; *Miller v. Northup*, 49 Mo. 400; *Bartlett v. Draper*, 23 Mo. 407. (2) The proof shows defendant in possession of lands on the north side of the Missouri river. The complaint describes lands on the south side of the Missouri river. The river is called for as the boundary, and, therefore, the line stops at the river. *Heatherly v. Maupin*, 16 Mo. 124; *Benson v. Morrow*, 61 Mo. 351; *Lamme v. Buse*, 70 Mo. 463; Gould on Waters [Ed. 1883] sec. 199. (3) In an action of forcible entry and detainer neither the title nor the right to the possession is involved; the question is, has there been a forcible entry upon plaintiff's prior possession? By his own evidence plaintiff did not have prior possession. *Craig v. Donnelly*, 28 Mo. App. 342; R. S. 1889, sec. 5111. (4) The undisputed evidence is that plaintiff took possession (if at all) as the agent of others, and not in his own right. This being true, he cannot maintain this action. His possession, if any, was the possession of his principals. He could not claim in right of his wife, as she was made *sui juris* by section 1996, Revised Statutes, 1889, which went into effect November 1, 1889. R. S. 1889, sec. 1990; *Crescent Co. v. Raddatz*, 28 Mo. App. 210; *Duncan v. Able*, 99 Mo. 188. (5) According to plaintiff's uncontradicted evidence defendant was not in possession of the lands described in the complaint. R. S. 1889, sec. 5088; *DeGraw v. Prior*, 53 Mo. 313. (6) The evidence shows that defendant was there either rightfully or wrongfully. If without right, he was a mere trespasser, and his possession, if any he withheld, was limited to the small space covered by the addition to his house. Plaintiff could only recover for lands which defendant withheld, and if plaintiff's contention

is true, he only withheld the land covered by the addition to house. *Roberts v. Lynch*, 15 Mo. App. 456; *Harris v. Turner*, 46 Mo. 338; *Mourning v. Coal & Mining Co.*, 99 Mo. 320–325; *Beel v. Pierce*, 11 Ill. 92; *House v. Wilder*, 47 Ill. 510. (7) Plaintiff's case is planted on the theory that defendant entered with strong hand, while his evidence shows that the entry was both prior and peaceable. We are aware of what is said in *Willis v. Stevens*, 24 Mo. App. 494. This case is predicated on section 5088, Revised Statutes, 1889. *Craig v. Donnelly, supra; Keene v. Schnedler*, 9 Mo. App. 597; *McCartney v. Alderson*, 45 Mo. 35; *Greenleaf v. Weakley*, 39 Mo. App. 191. (8) Section 5092, Revised Statutes, 1889, provides what complaint shall be; and among other requirements is this, specifying the lands, tenements or other possessions so forcibly entered and detained. The evidence shows defendant in possession, if at all, of the small portion occupied by the addition to his house. The *allegata et probata* must correspond. He claims an "inch and recovered an ell." *Beel v. Pierce, supra; House v. Wilder, supra.*

*H. M. Meriwether, pro se.*

(1) Matter not presented in the abstract will not be considered. *Bensberg v. Turk*, 40 Mo. App. 227; *Bank v. Davidson*, 40 Mo. App. 421; *Jayne v. Wine*, 99 Mo. 404; *State v. Pierce*, 34 Mo. App. 458; *Foster v. Trimble*, 18 Mo. App. 394; *In re Assignment of Redding*, 31 Mo. App. 428. Without waiving the point just made, and still contending that the further consideration of this case by the court is unnecessary, respondent presents the following argument upon the merits. (2) There is no variance whatever between the description as contained in the complaint, and that shown in the proof. (3) This action must be brought by the person in actual, as distinguished from the constructive, possession at the time of the forcible

entry. Respondent was the one in actual possession. *Craig v. Donnelly*, 28 Mo. App. 342; Kelley's New Treatise for J. P., secs. 560, 561, 562. The possession of the tenant is in one sense the possession of his landlord, but the tenant is the one who must sue, if he is disturbed by a forcible entry. He can even maintain the action against his landlord, and that after he has failed and refused to pay rent. *Hyde v. Fraher*, 25 Mo. App. 414; *Craig v. Donnelly*, *supra*, But in another sense also respondent was the proper party plaintiff. He was entitled to the possession in the right of his wife, and the possession of one tenant in common is the possession of all. Section 1996, Revised Statutes, 1889, did not change or alter the right of the husband to the possession of his wife's lands. (4) Respondent brought suit according to the description in his deed and survey — the land fenced. That is what the law requires. R. S. 1889, sec. 5102.

SMITH, P. J.—This was an action of forcible entry and detainer. The complaint alleged that on the eighteenth day of November, 1889, and long before that time the plaintiff was in the peaceable possession of the following described tract of land in Jackson county: "Beginning at a point on the state line between Missouri and Kansas, thirty-six poles south of the northwest corner of section 6, township 49 north, range 33 west; thence east thirty-eight poles and three links; thence northerly parallel to the state line about eighty poles to the Missouri river; thence westerly up the bank of said river to the state line; thence south along said state line to the point of beginning. And he has ever since been and still is entitled to the possession thereof; and that on the said eighteenth day of November, 1889, the defendant with strong hand made unlawful and forcible entry into and upon said tract, and has ever since then held and still holds possession thereof with strong hand, unlawfully and forcibly."

There was a trial which resulted in a judgment for plaintiff, to reverse which the defendant has appealed.

The first ground upon which the appealing defendant assails the judgment is that the trial court erred in refusing the defendant's request for an instruction in the nature of a demurrer to the evidence adduced by the plaintiff. This contention cannot be sustained for the reason if for none other, that defendant had failed to set out in his abstract *in hæc verba* so much of the transcript as contained all the evidence. How can we tell from the excerpts of the evidence which are contained in the abstract whether the ruling of the court was proper or not? It is manifest that we cannot justly determine the question whether the plaintiff's evidence was sufficient to justify the submission of the case to the jury unless our attention were called in the abstract to all the evidence adduced in the case. The abstract does not pretend to embrace all the evidence or even a synopsis of it. It is quite probable the defendant did not deem the omitted evidence material to a correct understanding of the question raised by the demurrer, but this will not excuse the failure to comply with rule 15. If the omitted evidence were presented by the abstract we might think it material. We ought not to be called upon to determine the sufficiency of the evidence which is not before us. The defendant's abstract of the evidence, under the construction of the rule referred to, announced in *Goodson v. Railroad*, 25 Mo. App. 77, and in numerous later cases, must be condemned as insufficient. But if we supplement defendant's abstract with that of the plaintiffs, and treat the two as embracing all the evidence, still we cannot sustain defendant's insistance.

It will be seen by referring to section 5088, Revised Statutes, that the complaint states the essentials required by that statute.

The supposed want of correspondence between the description of the land in the complaint and that which

the proof shows the defendant was in the possession of disappears when the following plat which was introduced in evidence is examined:

There is no difficulty in identifying the land in the possession of the defendant to be the same as that described in the complaint. Whether a slough or

channel of the Missouri river divides the tract or whether the entire tract or a part of it is on an island during certain stages of water is unimportant. It is plain that within the metes and bounds set forth in their complaint is the land which the defendant was in possession of at the commencement of the suit.

The defendant further contends that the plaintiff took possession of the land as the agent of others, and, therefore, he cannot maintain the action in his own name. We do not so understand the evidence. The plaintiff testified that he took possession of the land in his own right as the husband of Lucy Western and in right of the Griders and Western; that it was originally a part of the main land and was used and lived on as such for years, and that his father-in-law bought it when it was the main land; that the survey was made for plaintiff from the description contained in his father-in-law's deed; the fences were placed on these lines. The defendant is quite in error in supposing the plaintiff could not claim the possession of the land in right of his wife.

He had the right to possess and enjoy the land. *O'Bryan v. Allen*, 95 Mo. 68; *Cooper v. Ord*, 60 Mo. 428; *Steffin v. Bauer*, 70 Mo. 404; *Fugate v. Pierce*, 49 Mo. 441.

Nor did section 1996, Revised Statutes, in any way impair the plaintiff's marital rights in respect to it. This marital right is one of the common-law penates that has so far survived the iconoclastic hand of the legislature; for it will be seen by reference to another section of the statute, 6865, that the right of the husband to the enjoyment of the real estate of the wife held in her own right still exists, and can only be divested for the causes and in the mode therein specified.

The defendant further contends that the plaintiff's recovery must be limited to the area of land actually covered by the house of the former. To this contention we cannot agree. It may be fairly inferred from the

dim outline of the facts before us, that by the process of rapid caving in the top surface of the tract as it originally was formed had nearly all fallen into the river; but that within the last few years and at the time of the commencement of this suit it had been reformed and restored. It seems when the river is high a slough separates the greater portion of it from the main land, and thus forms an island. The defendant went upon the reformed land some months preceding the plaintiff, and built a small house thereon. This house was built close up to the eastern boundary of the land in dispute. After the plaintiff's fence had been erected the defendant built an addition to his house on the west side, which extended over and upon the land within the plaintiff's inclosure. He also tore down the plaintiff's fence. He then declared himself in possession of the reformed land in its entirety, he claiming it to be an island, and that his possession was prior to that of the plaintiff. Under such circumstances the defendant must be deemed to have forcibly entered and detained the entire tract. And, in this action as against him, the plaintiff was entitled to recover, if at all, the entire tract inclosed according to the description in the deed under which he claimed. R. S., sec. 5117. The real issues involved in this suit are: *First.* Was the plaintiff at the time of defendant's entry in the lawful, actual possession of the land, and, *second*, did the defendant enter thereupon against the will of the plaintiff? The law is well settled that overt acts indicating dominion and purpose to occupy, and not to abandon, the premises will constitute actual possession. *Willis v. Stevens*, 24 Mo. App. 494; *Bradley v. West*, 60 Mo. 60; *Miller v. Northup*, 49 Mo. 397; *McCartney's Adm'r v. Alderson*, 45 Mo. 36; *King v. Gaslight Co.*, 34 Mo. 34; *Hoffstetter v. Blattner*, 8 Mo. 276; *Bartlett v. Draper*, 23 Mo. 407; *DeGraw v. Prior*, 53 Mo. 316. As was well said by Judge ELLISON in *Craig v. Donnelly*, 28 Mo. App. 342, there is no legal rule more fully and definitely settled than that, in an action

of forcible entry and detainer, neither the title nor the right to possession is in issue. The matter of right is foreign to the case. The question is merely, has there been a forcible entry on the plaintiff's possession? If there has been the intruder must restore the possession, place the party *in statu quo*, and then if he has a case he can assert it by legal proceedings. The law does not permit him to redress his grievance with his own hand, and if he does so it will undo his work and place the parties as they were before the entry. And so it has been likewise ruled in other cases. *Knevet v. Meyer*, 24 Mo. 107; *Vaneman v. Walker*, 47 Mo. 163; *Beeler v. Cardwell*, 33 Mo. 85; *Dillworth v. Fee*, 52 Mo. 180. Nor can one forcible entry be set off against another. *King v. Gaslight Co.*, 34 Mo. 34. So that it is thus made obvious that if the plaintiff invaded the defendant's possession of the land and adversely occupied it himself to the exclusion of the defendant, that the latter had no right to take the law into his own hand and make a forcible entry. It was his duty to have pursued the peaceful remedy which the law afforded him. Even if the plaintiff had been himself in the first instance guilty of an unlawful invasion of defendant's possessory rights, still this fact would afford the latter no defense to this action. The defendant's wrong could not be set off against that of the plaintiff.

We have in the light of the numerous authorities cited by defendant examined the ground of objection assigned to the action of the trial court in respect to the giving and refusing of instructions, and the conclusion reached is that while some of them are subject to verbal criticism they assert substantially correct principles of law applicable to the facts of the case. Taken as a whole they fairly submitted the case to the jury. No harmful error is discovered in them. We think the plaintiff was entitled to the judgment recovered, and hence it will be affirmed. All concur.