GRACE F. HAMPTON *et al.*, Plaintiffs in Error, v. BENJAMIN U. MASSEY, Defendant in Error.

St. Louis Court of Appeals, April 4, 1893.

1. **Trespass to Land**: NECESSITY OF POSSESSION BY PLAINTIFF. To maintain an action of trespass to land, the plaintiff must establish actual or constructive possession of the land in himself at the time of the alleged trespass.

2. ———: ———. Accordingly, the plaintiff cannot recover, when the defendant holds such possession adversely to him. And, as against an entry by the plaintiff, such adverse possession is sufficiently established by proof of a prior actual possession by the defendant of a part of the premises under color of title to the whole.

3. **Instructions**: INVASION OF FUNCTION OF JURY: WEIGHT OF EXPERT EVIDENCE. The value of competent expert evidence is matter of fact for the jury. Accordingly, an instruction herein, which undertook to determine the credit to be given to the testimony of an expert witness, was held to have been properly refused.

*Error to the Greene Circuit Court.*—HON. J. T. NEVILLE, Special Judge.

AFFIRMED.

*Wm. O. Mead*, for plaintiffs in error.

There is no controversy but that the plaintiffs were at the time the fence was torn down in possession of the premises which it inclosed, and, when the defendant entered thereon and tore down the fence, about which fact there is no dispute, he committed a trespass

for which he was liable in damages. *Moore v. Perry*, 61 Mo. 174; *Brown v. Hartzell*, 87 Mo. 564. And, even if not in possession by themselves but in possession by their tenants, plaintiffs are entitled to recover, for injury is done to their freehold, having shown title in themselves. *Parker v. Shackelford*, 61 Mo. 68; *Austin v. Mining Co.*, 72 Mo. 543. The testimony is conclusive that the fence torn down was upon the land owned by plaintiffs.

*Tatlow & Sebree*, for defendant in error.

The survey procured to be made by defendant in 1885, the placing of stones at the corners of said survey, putting the fence on line between "Cates'" property and said survey, the subsequent selling by defendant of portions of said survey, and the fencing of said portions by purchasers, and permitting tenants and other parties to occupy other portions of said survey, these conditions existing at the time plaintiff entered upon said survey and built said fence—was actual possession of said entire survey at that time by defendant, and "the plaintiff's case is that of one who by an unlawful entry upon defendants' possession attempts to secure the advantage which possession gives in a contest of title, a proceeding not to be encouraged by the courts." *Bartlett v. Draper*, 23 Mo., p. 407; *Miller v. Northup*, 49 Mo. 400; *Kennedy v. Pruitt*, 24 Mo. App. 419.

BOND, J.—This was an action for trespass for the pulling down and carrying away of a fence, placed on certain premises alleged to belong to and in possession of plaintiffs. The defendant admits the tearing down and removal of the fence, and claims that it was on his own land. The law on this subject is well settled that an action of trespass can only be maintained where the

plaintiff is in the actual or constructive possession of the land whereon the trespass is committed. If the defendant is in possession, the remedy is by ejectment. *Brown v. Hartzell*, 87 Mo. 564, 568; *Moore v. Perry*, 61 Mo. 174. Constructive possession is annexed by law to the legal title, where there is no adverse occupancy or holding. The only question presented in this case is the sufficiency of the acts done by defendant to establish his possession, since, if that is shown, the judgment in his favor must be affirmed. The evidence tended to show that the defendant claimed to own the property under a deed and survey thereunder made in 1885, when stones were placed at the corners of the said survey, and a fence erected on the line of the survey between the premises claimed by the defendant and the adjoining owner; that this owner and others warned plaintiffs that the premises in question belonged to the defendant about the time the plaintiffs constructed the fence thereon, and that the defendant so notified plaintiffs. Circumstances were also shown of occupancy of the other portions of the survey, and sales thereof by the defendant.

We are not prepared to say that this evidence was insufficient to establish possession of the strip of land in dispute in the defendant, to the extent of relieving him from liability for trespass in removing the fences put thereon by plaintiffs. It was held, in *Kennedy v. Pruitt*, 24 Mo. App. 414, "that actual possession of the premises, or of part of the premises under color of title for the whole" was sufficient to establish the possession to the whole in an action of unlawful detainer. See also *Miller v. Northup*, 49 Mo., 397. *Bartlett v. Draper*, 23 Mo. 407, 409. The testimony adduced by the defendant tended to bring his possession within the protection of this rule. The

trier of the facts so found, and we cannot, therefore, interfere with the finding on this issue.

This relieves us from the consideration of the point made by the plaintiffs, that, there being no evidence tending to show possession in the defendant, the right of possession was one attached to the holder of the title, and that the title of the plaintiffs appeared from a plat of calls to embrace the land in controversy. If we were permitted to discuss that point, it would be difficult to establish plaintiffs' contention in that respect from the *plat* and several *descriptions* filed in their abstract.

We have examined the instructions given, and do not find that they contain any reversible error. The two requested by plaintiffs, as to the effect of the survey made by them and the "greater weight" to be given the testimony of the private surveyor, were properly refused, as singling out a particular fact, and as giving too much credit to a particular witness. The rule as to expert testimony is thus stated by the supreme court in *Thompson v. Ish*, 99 Mo. 179: "It is, of course, for the court to determine in the first instance whether a witness who is offered as an expert possesses the proper qualifications, but the value of the evidence which the witness may give in a question for the jury."

It results, therefore, that the judgment herein must be affirmed. So ordered. All the judges concur.