JOHN L. RoBARDS, Appellant, v. CORNELIUS J. MURPHY *et. al.*, Respondents.

### St. Louis Court of Appeals, December 10, 1895.

1.  Husband and Wife: RETROSPECTIVE EFFECT OF RECENT STATUTES. The recent statutes in relation to the estates of married women have no retrospective effect.

2.  ———: CURTESY INITIATE: ESTATE AND RIGHT OF ACTION OF TENANT. A tenant by the curtesy initiate is seized of a freehold estate in his own right, and the interest of his wife is a mere reversionary interest depending upon his life estate. Accordingly, if, while he is in possession as such tenant, an injury is done to the freehold for life, as distinguished from the inheritance, the right of action therefor is in him.

*Appeal from the Hannibal Court of Common Pleas.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

*John L. RoBards* for appellant.

No brief filed for respondent.

ROMBAUER, P. J.—The plaintiff sues to recover the value of a pane of plate glass in the window of his house, which he alleges was broken by the negligence of defendant's servant in managing defendant's team. He gave evidence upon the trial tending to show the negligence and injury. He also gave evidence tending to show that the real property, of which such window formed part, was deeded to his wife in 1874; that he had married her thirty-four years ago, and that there were three children born of the marriage; that his estate in the property was that of a tenant by the curtesy initiate; that he has been for years in possession

RoBards v. Murphy.

of the property, and controlled the same as such tenant of the freehold.

At the close of the evidence the court instructed the jury to find a verdict for the defendant, presumably on the ground that the plaintiff had shown no such interest in the property as would enable him to maintain the action; whereupon the plaintiff took a nonsuit, and, after an ineffectual motion to set it aside, appeals to this court and assigns for error the above instruction of the court.

A tenancy by the curtesy initiate still exists in this state. It is not necessary to decide to what extent the rights of such a tenant have been affected by recent statutes, as it has been repeatedly decided that these statutes have no retrospective operation. *Leete v. State Bank*, 115 Mo. 184; *Arnold v. Willis*, 30 S. W. Rep. 517. They were enacted subsequent to the acquisition of plaintiff's estate. It was held in *Canby v. Porter*, 12 Ohio, 80, that the estate of a husband in the lands of his wife after issue born is a freehold during the joint lives of himself and wife, with a freehold in remainder for himself as tenant by the curtesy, with remainder to the wife and her heirs in fee, which definition, barring the fact that the technical term remainder is properly applicable to conventional estates only, is a correct definition of such an interest. A tenant by the curtesy initiate is seized of a freehold estate in his own right, and the interest of his wife is a mere reversionary interest depending upon the life estate of the husband. *Foster v. Marshall*, 22 N. H. 491. Though his claim is in the right of his wife, it is really his own claim. *Fugate v. Pierce*, 49 Mo. 441; *State v. Macklin*, 41 Mo. App. 335; *Meriwether v. Howe*, 48 Mo. App. 148; *O'Bryan v. Allen*, 95 Mo. 68. It will not be claimed that the breakage of a pane of glass is an injury to the inheritance as distinguished

from the injury to a freehold for life. The tenant for life is under obligation to keep the building he owns as such tenant in repair.

The judgment is reversed and the cause remanded. All the judges concur.